THE STATE OF OHIO, APPELLEE, *v.* GRIFFIE, APPELLANT.

(No. 655—Decided March 20, 1967.)

*Mr. Marshall E. Peterson,* prosecuting attorney, for appellee.

*Mr. Kevin N. McCormick,* for appellant.

KERNS, J. The defendant, appellant herein, Jimmie Griffie, was tried and convicted by a jury in the Court of Common Pleas of Greene County for violations of Section 2907.10, Revised Code (breaking and entering during the night season), and Section 2907.20, Revised Code (grand larceny).

The facts disclose that on the morning of September 2, 1965, at approximately 1:15, Griffie was observed driving a car south on Kaufman Avenue in the city of Fairborn by Patrolman Richard Schoening of the Fairborn Police Department.

Patrolman Schoening was advised by Patrolman Robert Smith, also of the Fairborn Police Department, that he had seen the car in which the defendant and one Arthur Fugate were riding pull out of a lot in front of the Fairborn Tool Rental on Kaufman Avenue and that he thought the car ought to be checked.

Patrolman Schoening followed the car south on Kaufman Avenue while clocking the vehicle at a speed substantially in excess of the speed limit. At the intersection of Kaufman Avenue and Yellow Springs Road, Officer Schoening observed the car as it proceeded by a stop sign and made a right turn onto Yellow Springs Road. Thereupon, the car driven by the defendant was stopped by the patrolman.

After being stopped, the defendant got out of the car he was driving and walked toward the cruiser. After asking the defendant whether he had any registration for the vehicle and the defendant answering that he had none, Officer Schoening, with the defendant, walked up to the passenger side of the vehicle that the defendant had been driving, at which time the passenger, Fugate, opened the door and stepped out of the car. With the door open and the dome light on, Officer Schoening observed several tools, power tools, and power saws on the back seat and noticed a tire tool protruding from under the front seat on the passenger's side of the car.

After ascertaining that the defendant's passenger had no identification and while talking to Griffie and Fugate, Patrolman Schoening heard on the cruiser radio that there had been a burglary at the Fairborn Tool Rental.

At that time, both subjects were formally placed under arrest by the officer, and at the scene and in full view of the defendant and Fugate, the car was searched for weapons.

Subsequent to the arrest, Patrolman Arnold of the Fairborn Police Department arrived on the scene and removed the defendant to the Fairborn Police Station, Officer Schoening remaining at the scene until Sergeant Benning-

ton of the Fairborn Police Department arrived to assist in towing the car that defendant was driving to the police station. After bringing the car to the station, the tools were unloaded and entered in the department property books.

After a preliminary hearing in Fairborn Municipal Court, the defendant, Griffie, was indicted by the Greene County Grand Jury. At his subsequent arraignment, he entered a plea of not guilty, and thereafter filed a motion for suppression of the evidence acquired in the alleged search of the automobile he was driving when apprehended.

The motion to suppress was overruled, and this action of the trial court is the basis for the defendant's principal assignment of error in the present appeal.

In support of this assignment of error, the defendant presents the usual argument that any evidence acquired as a result of an unreasonable search must be suppressed. And, admittedly, this contention is no longer a proper subject of serious debate. *Mapp* v. *Ohio,* 367 U. S. 643; *State* v. *Bernius,* 177 Ohio St. 155. However, we encounter substantial difficulty in the application of this rule to the facts of the present case. The wholly reasonable observations of a police officer cannot be equated with an unreasonable search.

Here, both the product and the instrument of the crime were visible without benefit of search, and the subsequent search, at the time and place of apprehension, was justified as incidental to a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporary search for weapons or for the fruits of or implements used to commit a crime. See *State* v. *Call,* 8 Ohio App. 2d 277.

In the present case, there is no evidence that the initial arrest for the traffic violations was merely an excuse for making a subsequent search. We recognize that a search must be incident to a lawful arrest, and not vice versa, but if search or any other reasonable appraisal of a given situation happens to disclose evidence of crimes other

**190**

than the one for which the accused has been arrested, such evidence may be used against him in any prosecution for the other crimes so discovered.

Almost all the cases dealing with questions akin to the question presented herein, and there are many, recognize that each such case is dependent upon its particular facts and circumstances. In our opinion, the enforcement procedure of the officers in the present case was not unreasonable and did not violate the constitutional rights of the defendant. Accordingly, the first assignment of error will be overruled.

The defendant also claims that the trial court erred in overruling the defendant's motion for a mistrial and that the judgment is against the weight of the evidence. Upon examination, we find neither of these assignments of error well made.

The judgment will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.